# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5878 | **DATE** | 10/2/2001 |
| **CASE TITLE** | Joseph T. Ryerson & Son vs. Plastech Engineered Products | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Plastech's counsel is ordered to file in this Court's chambers on or before October 16, 2001 a memorandum explaining the underpinning for its AD and for the corresponding provisions of Answer¶¶6 and 7. In the absence of such a timely filing, all of those aspects of Plastech's responsive pleading will be stricken, and Plastech will be deemed to have admitted Complaint ¶¶ 6 and 7.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 0 4 2001 | |
| | Notified counsel by telephone. | | date docketed | 6 |
| | Docketing to mail notices. | | CM | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED FOR DOCKETING 01 OCT -3 PM 12: 22 | 10/2/2001 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH T. RYERSON & SON, INC., )
)
        Plaintiff, )
)
v. )   No. 01 C 5878
)
PLASTECH ENGINEERED PRODUCTS, INC.,)
)
        Defendant. )

MEMORANDUM ORDER

Plastech Engineered Products, Inc. ("Plastech") has filed its Answer and Affirmative Defense ("AD") to the Complaint brought against it by Joseph T. Ryerson & Son, Inc. ("Ryerson"). Because Plastech's response appears seriously problematic in one respect, this memorandum order is issued sua sponte to require Plastech's counsel to amplify on the rationale for what is set out in its Answer ¶¶6 and 7 and its AD.

Each of those facets of Plastech's responsive pleading rests on the premise that the document captioned "Attached Addendum" (Complaint Ex. 2, here simply "Addendum") was not part of the contractual arrangement between the parties established by a typed letter agreement that carries an original typing date of December 4, 1998 and was then fully executed on December 17, 1998 (Complaint Ex. 1). Indeed, because Plastech's AD advances a Statute of Frauds argument on the basis that the Addendum "was not signed by an authorized agent," that necessarily depends on a contention that Kelly Garwood ("Garwood"), whose signature

/

appears on the Addendum on Plastech's behalf and who also signed the name of Plastech's Corporate Senior Buyer Gary Bone ("Bone") on that document lacked the authority to do so.

That contention frankly seems suspect. This Court's examination of the admittedly-binding letter agreement itself (Complaint Ex. 1) reveals that document to have been signed <u>both</u> by Bone and by Garwood--and Garwood's December 17, 1998 signature was accompanied by his or her initialling on Plastech's behalf of a change in the body of the letter agreement from a December 1, 1998 effective date (the original typewritten version) to January 1, 1999.[1] And December 17, 1998 was the selfsame date on which both Ryerson's authorized signatory and Garwood--who purportedly did so on Plastech's behalf--signed the Addendum. Thus it appears that the final signature on the letter agreement and the Addendum were affixed at the very same time.

Under those circumstances Plastech owes Ryerson and this Court a considerably more probative explanation than its present bald denial of authorization of the Addendum. Accordingly Plastech's counsel is ordered to file in this Court's chambers on or before October 16, 2001 (with a copy delivered contemporaneously to Ryerson's counsel) a memorandum explaining the underpinning for its AD and for the corresponding provisions

---

[1] Plastech's confirmation of the validity of the letter agreement would thus seem to carry with it a confirmation of Garwood's authority.

2

of Answer ¶¶6 and 7. In the absence of such a timely filing, all of those aspects of Plastech's responsive pleading will be stricken, and Plastech will be deemed to have admitted Complaint ¶¶6 and 7.

                                /s/ Milton I. Shadur
                                Milton I. Shadur
                                Senior United States District Judge

Date: October 2, 2001