# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 5878 | DATE | 5/12/2003 |
| CASE TITLE | Joseph Ryerson & Son vs. Plastech Engineered Products, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Although the same reason is not applicable as to each of Plastech's late-advanced additional ADs, the several reasons have one thing in common: Each calls for rejection of the AD to which it applies. Plastech's motion is denied. (17-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 13 2003 date docketed | 19 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/12/2003 date mailed notice | |
| SN | courtroom deputy's initials | 03 MAY 12 PM 3:51 Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH T. RYERSON & SON, INC.,       )
                                      )
              Plaintiff,              )
                                      )
       v.                             )   No.  01 C 5878
                                      )
PLASTECH ENGINEERED PRODUCTS, INC.,   )
                                      )
              Defendant.              )

DOCKETED
MAY 1 3 2003

MEMORANDUM OPINION AND ORDER

This commercial dispute between Joseph T. Ryerson & Son, Inc. ("Ryerson") and Plastech Engineered Products, Inc. ("Plastech") is approaching its second anniversary. With discovery having been closed last month, the submission of the jointly proposed final pretrial order (which will set out the game plan for trial) is due less than 30 days from now. But Plastech, long after it filed its original Answer and Affirmative Defense ("AD") to Ryerson's Complaint on October 1, 2001, now seeks--through its second set of lawyers, who entered the fray on October 31, 2002--to file an Amended Answer and Affirmative Defenses that would add three new ADs.

When Plastech's new lawyers first came on the scene, one of them asked for such leave to amend. This Court responded by cautioning him that new counsel are always expected to take a case "warts and all"--more elegantly, cum onere--so that any such opportunity to replead would have to be supported by a showing of good cause. Counsel recognized the appropriateness of that

concept, and about a month later Plastech's new law firm filed a Motion for Leave to File Amended Answer and Additional Affirmative Defenses. That motion was initially entered and continued but, through some procedural oversight, became lost in the shuffle without being disposed of. When that error was then discovered, a new date for the filing of such a motion for leave was set, and the parties have now made timely submissions of the amended motion (by Plastech) and a statement in opposition (by Ryerson).

Ryerson's response correctly points out that the current motion should be evaluated in part against the backdrop of what happened at the very outset of the case, when it was first put at issue. Immediately on receipt of Plastech's initial Answer and AD (indeed, one day after it was filed), this Court issued a sua sponte memorandum order requiring Plastech's counsel to amplify on the rationale for the one original AD, which was predicated on the Statute of Frauds. That produced a memorandum from Plastech's original counsel two weeks later, and a few days after that this Court issued a further memorandum order confirming that the memorandum had been "helpful in focusing Plastech's Statute of Frauds defense more sharply": It had clarified the predicate for that defense by asserting that the Plastech person who had signed some of the documentation on which Ryerson seeks to rely as establishing the contractual relationship between the parties

was not authorized to have done so.

So the Statute of Frauds has been in play from the very beginning of this lawsuit. And that defense of course carried with it not only the already-referred-to question as to the authority or lack of authority of one of the persons signing for Plastech, but also such questions as (1) whether the exception to the 810 ILCS 5/2-201(1) requirement set out in 810 ILCS 5/201(3)[1] was applicable or (2) whether Ryerson's partial or full performance takes the transaction out of the Statute of Frauds.

That being so, Plastech's proposed AD 2--which repeats a Statute of Frauds argument in an expanded way--will not be allowed. As this Court has often repeated (see, e.g., App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)), a true AD under Fed. R. Civ. P. ("Rule") 8(c) accepts a plaintiff's allegations as true but asserts that defendant is nonetheless not liable, or is liable for less than plaintiff claims, for some other reason. Here Plastech has either denied the relevant allegations of the Complaint (Answer ¶¶2, 16, 18 and 19) or has placed them in issue by a deemed denial under the second sentence of Rule 8(b)(Answer ¶¶12 and 13). So that facet of Plastech's motion is denied.

Next, Plastech's proposed AD 3 is a mitigation-of-damages

---

[1] It has been recognized by the litigants from the outset that Illinois law provides the substantive rules of decision in this diversity case.

defense. That too flunks the standard established by Rule 8(c) and its implementing caselaw, for the subject has already been put into issue by Plastech's deemed denial of Complaint ¶13 in its Answer ¶13. That is enough to put Ryerson to its proof, so that leave to add such a purported AD is denied.

Finally, Plastech's proffered AD 4 must also be rejected, although for a quite different reason. There was no question from the very commencement of this lawsuit--for the contract on which Ryerson sued was attached as Exs. 1 and 2 to its Complaint--that the original December 4, 1998 letter agreement (drafted by Plastech and transmitted to Ryerson) included this provision:

> Purchase Order Terms and Conditions
> In addition the above terms, Plastech's relationship with your company and all Plastech orders placed with your company shall be governed by Plastech's Purchase Order Terms and Conditions, a copy of which is attached.

But no such attachment was a part of Ryerson's Ex. 1.

If such a document had in fact been a part of the December 4, 1998 Plastech-to-Ryerson delivery so as to form part of the transaction at its inception, Plastech and its people necessarily had to know that.[2] And that once again was true from day one. Indeed, Plastech's October 16, 2001 memorandum in

---

[2] Neither of Ryerson's people who were involved in the parties' relationship at the beginning had seen a copy of such Terms and Conditions (Charles Schurman Dep. 24; Barbara Zicterman Dep. 27-28).

4

support of its initial AD confirmed that the parties' agreement from its perspective was contained <u>only</u> in the December 4, 1998 <u>letter</u> that was Ex. 1 to the Complaint--with nary a suggestion of any attachment--and the same was true of the October 12 affidavit of Plastech's Gary Bone (who signed and delivered the letter) on which the memorandum relied.

Yet Plastech's second set of lawyers provide not a word of real explanation as to why a claimed defense that had to be known from the very beginning but that was never advanced for well over a year should be permitted at this point. Here is all that is said regarding that proposed AD (Amended Motion ¶27):

> Finally, Plastech seeks to assert a defense based upon the terms and conditions which are referred to in the contract alleged by Ryerson. These terms and conditions may limit the recovery of Ryerson and Plastech should be allowed to assert the existence and effect of these terms and conditions as a defense.

This situation could well serve as an exemplar for the invocation, as Ryerson urges, of the "mend the hold" doctrine that our Court of Appeals as well as this Court, each drawing on Illinois law, have applied in appropriate cases. Here is a potential defense that was plainly known to, but was not advanced by, Plastech when this lawsuit began. When Plastech and its original set of lawyers said nothing on the subject in the original Answer and AD, that amounted to a forfeiture of any such potential defense. Even if no strict forfeiture might have been applied if the matter had been raised promptly thereafter

(necessarily coupled with an appropriate explanation of the reason for its original omission), there is no justification at all for allowing it to be asserted so much later. This Court's original admonition to new counsel about having to take the case as it was when they entered the fray operates with full force.

## Conclusion

Although the same reason is not applicable as to each of Plastech's late-advanced additional ADs, the several reasons have one thing in common: Each calls for rejection of the AD to which it applies. Plastech's motion is denied.

                                                                 */s/ Milton I. Shadur*
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: May 12, 2003