# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5878 | **DATE** | 7/14/2003 |
| **CASE TITLE** | Joseph T. Ryerson & Son, Inc. vs. Plastech Engineered Products, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. With both of Plastech's motions thus having been denied (20-1, 20-2), it is time that the parties got back on track with the preparation of the FPTO so that their entire dispute may be resolved, as it should be, by a finder of fact under appropriate instructions of law. This action is set for a status hearing at 8:45 a.m. July 21, 2003 so that the procedure and timing for that next step may be established.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 15 2003 date docketed | 24 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/14/2003 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH T. RYERSON & SON, INC., )
)
        Plaintiff, )
)
v. ) No. 01 C 5878
)
PLASTECH ENGINEERED PRODUCTS, INC.,)
)
        Defendant. )

DOCKETED
JUL 1 5 2003

MEMORANDUM OPINION AND ORDER

After discovery had already been closed in this litigation involving a commercial dispute between Joseph T. Ryerson & Son, Inc. ("Ryerson") and Plastech Engineered Products, Inc. ("Plastech")--they are respectively the seller and buyer of steel products under the terms of a December 4, 1998 letter agreement[1]--Plastech's second set of lawyers sought to second guess the firm they had replaced by filing an Amended Answer and Affirmative Defenses ("ADs") that would have added three new ADs to Plastech's original responsive pleading. That effort came fully 1-1/2 years after the original Answer and AD had been filed by Plastech and fully a half year after the second-guessing counsel had entered the fray.

This Court's May 12, 2003 memorandum opinion and order

---

[1] Because December 4 is the date the letter bears, this memorandum opinion and order uses that date rather than the December 7 date on which Plastech's representative actually signed the document or the December 17 date when (1) Ryerson's representative signed both the letter agreement and an "Additional Addendum" ("Addendum") and (2) another Plastech employee signed the Addendum.



explained why the belated motion should be and was denied, pointing out in part not only that discovery had been closed but also that the parties' submission of the jointly proposed final pretrial order ("FPTO") that was the prerequisite to setting the case for an early trial (see this District Court's LR 16.1(a)) was less than a month away. But nothing daunted, Plastech's replacement counsel promptly sought to prescind that procedure--to cut it off at the pass--by instead filing a Fed. R. Civ. P. ("Rule") 56 motion for summary judgment, coupled with a motion seeking relief based on an asserted spoliation of evidence on Ryerson's part. Ryerson has responded to both motions, and this Court finds no need to call for a reply from Plastech to enable the matters to be addressed.[2]

To begin with, Ryerson correctly points out that the noncompliance by Plastech's counsel with the express requirements of LR 56.1, which this Court has adopted to implement Rule 56, is itself an independent stand-alone ground for denial of Plastech's Rule 56 motion. LR 56.1(a)(3), which requires the movant to include in its filing "a statement of material facts as to which

---

[2] Among other reasons, summary judgment motions present the familiar phenomenon that once the factual egg gets metaphorically scrambled by a responding party's identification of one or more genuine issues of material (that is, outcome-determinative) facts, it is impossible for the movant to stuff the scrambled result back into the original eggshell by eliminating the disputed factual issue or issues.

the moving party contends there is no genuine issue,"[3] goes on
(after identifying the detailed nature of that statement) to
state in unambiguous fashion:

> Failure to submit such a statement constitutes grounds
> for denial of the motion.

Although courts are most frequently called upon to enforce LR
56.1 against a noncomplying respondent to a Rule 56 motion (and
that is of course true of our Court of Appeals, for a District
Court's <u>denial</u> of such a motion on LR 56.1 grounds cannot be the
subject of an appeal), there is no question that noncompliance
should be enforced with an even hand against movants and
nonmovants alike (see, e.g., <u>Schulz v. Serfilco, Ltd.</u>, 965 F.2d
516, 517 (7th Cir. 1992), dealing with this District Court's
Local Rule 12(m)--the former designation of LR 56.1(a)(3)).

Plastech's counsel are from one of Chicago's major law
firms, highly experienced in the federal practice, and there is
really no justification for their nonadherence to the plain

---

[3] As this Court among others (importantly including our
Court of Appeals) has frequently had occasion to say, the purpose
of LR 56.1 and its carefully-defined requirements is to
facilitate the court's ability to smoke out whether genuine
issues of material fact do or do not exist such as to negate the
availability of summary judgment. As our Court of Appeals has
put it colorfully in language that has understandably appealed to
other courts around the country (to say nothing of this Court and
its colleagues here)(<u>United States v. Dunkel</u>, 927 F.2d 955, 956
(7th Cir. 1991)):

> Judges are not like pigs, hunting for truffles buried
> in briefs.

3

language (and substance) of LR 56.1. That alone calls for denial of their Rule 56 motion, and this Court so orders.

But lest that be regarded by Plastech's counsel as the occasion for a renewed effort on their part to reassert a new motion (this time in proper form), this opinion goes on to deal with substantive deficiencies in their present submission. Only a few of those need to be identified, rather than this Court's essaying to provide an exhaustive list.

Most critically, when all factual differences together with all reasonable inferences are resolved in Ryerson's favor (as Rule 56 requires--see, e.g., Lesch v. Crown Cork & Seal Co., 282 F.3d 467, 471 (7th Cir. 2002)), a reasonable factfinder could surely decide that all of the elements of Ryerson's breach of contract claim have been established. Those elements can be ticked off in short order.

As for the required existence of a valid and enforceable contract, if the testimony of Ryerson's Iowa District Manager Charles Schurman is credited (as it must be at this Rule 56 stage), Plastech's second employee who signed the Addendum did that with full authority having been vested in her to do so. And Ryerson has also provided an effective response--once again under the Rule 56 ground rules--to Plastech's contention that the absence of the initial list of items referred to in the Addendum somehow defeats the December 4, 1998 letter agreement's

enforceability.[4]

As indicated by the immediately preceding footnote, there is really no room for dispute as to Ryerson's having fulfilled all of *its* obligations under the contract. Nor can it be questioned that the trier of fact could reasonably decide (1) that Plastech had breached its contractual obligations after it had cancelled the contract and (2) that Ryerson has demonstrated its having incurred substantial damages as a result of Plastech's breach.

Lastly on the breach of contract questions, Ryerson's Mem. 10-13 has effectively scotched Plastech's contention that a different result is called for because of Ryerson's asserted nonproduction of documents. Again Plastech's not-so-new lawyers must take the case as they found it after discovery had closed, with no failure of any *requested* production on Ryerson's part having been identified. Indeed, it comes with particularly ill grace for Plastech to complain about the absence of a document (the list of highlighted items that was referred to in the Addendum) that *it* created and provided to Ryerson during the contract negotiations. Here too the required drawing of all inferences reasonably favorable to Ryerson is fatal to any

---

[4] This Court need not explore the other possibility that even if some Statute of Frauds problem were to be regarded as posed by the contents of that list having to be proved by other than the writing itself, Ryerson's full performance of its contractual obligations would take the matter out of the purview of the Statute of Frauds.

summary judgment in Plastech's favor.

That leaves for consideration only Plastech's motion based on the asserted spoliation of evidence (when Ryerson finally liquidated the inventory that had been specially ordered to fulfill Plastech's requirements, rather than being part of Ryerson's normal stock). On that score Ryerson's Mem. 13-14 provides a complete and effective answer, and that motion is denied as well.

With both of Plastech's motions thus having been denied, it is time that the parties got back on track with the preparation of the FPTO so that their entire dispute may be resolved, as it should be, by a finder of fact under appropriate instructions of law. This action is set for a status hearing at 8:45 a.m. July 21, 2003 so that the procedure and timing for that next step may be established.

                                         Milton I. Shadur
                                         Senior United States District Judge

Date: July 14, 2003